IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-10091-WEB |
| ) | |
| VERONICA ROCIO ) | |
| ) | |
| and ) | |
| ) | |
| MARIA DE JESUS SOTO, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

The Government filed Notice Pursuant to Federal Rule Criminal Procedure 404(b) and Motion in Limine (Doc. 34), requesting admission of evidence of a second, similar transaction as proof of identity, motive, knowledge, intent, preparation and plan.

The defendants are charged in a four count indictment with possession of unlawfully obtained documents as evidence of stay or employment, in violation of 18 U.S.C. § 1546(a); two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A; and sale of a social security card, in violation of 42 U.S.C. § 408(a)(7)(C) and 18 U.S.C. § 2. The Government seeks to admit evidence that there was a second transaction, recorded by police, in which Rocio purchased four additional sets of documents, allegedly from Soto, in the same manner as the first set of documents, set out in the indictment. Defendant Rocio does not object to the admission of the documents. Defendant Soto does not object to the admission of the documents.

Evidence of other crimes, wrongs, or acts my be admissible for the purpose of proving proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Evid. 404(b). Rule 404(b) "prohibits the introduction of evidence of

extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case, such as motive, opportunity, or knowledge. Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." United States v. Huddleston, 485 U.S. 681, 685, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). Four factors should be considered in weighing the admissibility of evidence under Rule 404(b): (1) whether the evidence is offered for a proper purpose, (2) whether the evidence is relevant, (3) whether the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) if necessary, whether a limiting jury instruction is given if the defendant so requests. Id. at 691.

Evidence is admitted for a proper purpose if it is allowed for one or more of the purposes set forth in Rule 404(b). It is relevant if it tends to prove or disprove one of the elements of the charged offense. See Fed.R.Evid. 401. The evidence is probative if it is similar to the charged crime. United States v. Gutierrez, 696 F.2d 753, 756 (10th Cir. 1982), citing United States v. Myers, 550 F.2d 1036, 1045 (5th Cir. 1977), *cert. denied*, 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978). In Gutierrez, the court stated that "if the crimes share elements that possess "signature quality," evidence of the "other crimes" may be admitted." Id.

In the present case, evidence of the second transaction is similar to the charged conduct. It is alleged that in August 2005, Defendant Soto sold a Texas birth certificate and Social Security card to Defendant Rocio. After Defendant Rocio agreed to act as a confidential informant, she purchased four additional sets of documents, allegedly from Defendant Soto, in the same manner as the first set. Evidence of the second transaction is proper to show identity of the parties, intentional conduct, knowledge, and plan. The evidence is relevant as it relates to the

Government's ability to show that Defendant Soto was the person Defendant Rocio called. The admission of the evidence is not unfairly prejudicial to the Defendants, and does not substantially outweigh its probative value.

      IT IS THEREFORE ORDERED the Government's Notice Pursuant to Federal Rule Criminal Procedure 404(b) and Motion in Limine (Doc. 34) is GRANTED.

      IT IS SO ORDERED this 12th day of January, 2011.

                                        s/ Wesley E. Brown
                                        Wesley E. Brown
                                        Senior United States District Court Judge